UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KRISTAL POLLIER and JOANNA
CASTALDO, on behalf of themselves and
others similarly situated,

                Plaintiffs,

v.

JERICHO RESTAURANT ASSOCIATES
LLC, d/b/a RARE650, SMITH
STEAKHOUSE LLC, d/b/a INSIGNIA
STEAKHOUSE, ONE NORTH 106 LLC
d/b/a/ ONE NORTH RESTAURANT,
MELVILLE STEAKHOUSE, LLC d/b/a
BLACKSTONE STEAKHOUSE, SCOTTO,
LLC, ARTHUR VIANA, and ANTHONY
SCOTTO,

              Defendants.
-----------------------------------------------------------x

COMPLAINT

FLSA COLLECTIVE ACTION AND
RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). This Court has supplemental jurisdiction over the New York state law claims, as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

3. Defendant Jericho Restaurant Associates, LLC ("Jericho") is a New York entity that operates a restaurant called Rare650 located in Syosset, NY ("Rare650").

4. Defendant Smith Steakhouse LLC ("Smith") is a New York entity that operates a restaurant called Insignia Steakhouse located in Smithtown, NY ("Insignia").

5. Defendant One North 106 LLC ("One North 106") is a New York entity that operates a restaurant called One North Restaurant located in Jericho, NY ("One North").

6. Defendant Melville Steakhouse LLC ("Melville") is a New York entity that operates a restaurant called Blackstone Steakhouse located in Melville, NY ("Blackstone").

7. Rare650, Insignia, One North, and Blackstone are referred to collectively herein as the "Restaurants."

8. Scotto, LLC is a New York entity (together with Jericho, Smith, One North, and Melville, the "Entity Defendants"). Scotto, LLC is a holding company that owns and operates each of the Restaurants.

9. Each of the Restaurants has an annual gross volume of sales in excess of $500,000.

10. The Entity Defendants are part of a single integrated enterprise that jointly employed Plaintiffs and those similarly situated at all relevant times. The Entity Defendants are owned by Defendant Anthony Scotto, and their operations are managed/conducted by Defendants Anthony Scotto and Arthur Viana (the Chief Financial Officer), and they are all subject to the same general management and payroll practices described herein.

2

11. The Entity Defendants have the same business purpose: operating upscale restaurants/steakhouses that belong to the Sotto, LLC enterprise.

12. The Restaurants share employees. For example, Plaintiff Pollier worked at Blackstone, Insignia, and Rare650 at Defendants' instruction.

13. Anthony Scotto is listed as a principal on all of the Restaurants' liquor licenses.

14. All of the Restaurants appear on a general website promoting "Anthony Scotto Restaurants": http://anthonyscottorestaurants.com.

15. The website has a "Join the Team" page, which allows individuals to apply for jobs at all of the Restaurants on a central webpage.

16. Each Restaurant's individual webpage states, "Anthony Scotto Restaurants," at the bottom. At any of those websites, clicking on "employment opportunities" directs one to the central "Join the Team" page of anthonyscottogroup.com.

17. All of the Restaurants have centralized control of labor relations.

18. Defendants Anthony Scotto and Arthur Viana have and exercise sufficient control over the Entity Defendants' day to day operations to be considered Plaintiff's employer under the FLSA and New York law.

19. Defendants Scotto and Viana are regularly present at the Restaurants.

20. Upon information and belief, Defendants Scotto and Viana manage the Restaurants' financials.

21. As owners of the Restaurants, Defendants Scotto and Viana have and exercise the power to hire and fire the Restaurants' employees.

22. As owners of the Restaurants, Defendants Scotto and Viana have and exercise authority over employees' pay.

3

23. As owners of the Restaurants, Defendants Scotto and Viana have and exercise the authority to direct and supervise the work of the Restaurants' employees.

24. Defendants Scotto and Viana were involved in creating the payroll policies that are the subject of this lawsuit.

25. To the extent that employment records are kept for employees, Defendants Scotto and Viana are involved in maintaining those records.

26. Plaintiff Kristal Pollier was employed by Defendants as a bartender from 2010 to 2015. She started at Blackstone, then moved to Insignia, and then to Rare650.

27. Plaintiff Cataldo worked for Defendants a server at Rare650 from January 2013 until March 2016.

28. Plaintiffs consent to sue forms are attached hereto as "Exhibit A."

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is three years before the filing of the Original Complaint in this case as defined herein ("FLSA Collective").

30. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage and overtime rates for all hours worked. The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

31. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

32. Plaintiffs bring the state law Claims for Relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all service employees, other than service managers, employed by Defendants on or after the date that is six years before the filing of the Original Complaint in this case as defined herein (the "Class Period").

33. All said persons, including Plaintiffs, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said F.R.C.P. 23.

34. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than sixty (60) members of the Class.

35. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay all minimum wage and overtime compensation due and failing to provide Class members with required wage notices. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

36. Plaintiffs are able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by

addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38. Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

39. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

   a) Whether Defendants employed Plaintiffs and the Class members within the meaning of the New York law.

   b) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiffs and the Class members for their work.

c) Whether Defendants paid Plaintiffs and the Class members the appropriate minimum wage and overtime rates for all hours worked.

d) Whether Defendants gave Plaintiffs and the Class members the notices and wage statements required by New York Labor Law § 195 and the New York Hospitality Wage Order.

## FACTS

40. Plaintiffs worked for Defendants in service positions.

41. Plaintiffs' hourly rates that were less than the full federal minimum wage through 2015 and less than the full New York Minimum Wage for their entire periods of employment.

42. Defendants were not entitled to pay Plaintiffs pursuant to any tip credits against the minimum wage under federal or New York law, because they did not give Plaintiffs proper notice of the tip credit.

43. During the busy months (like the holiday season), Plaintiff Castaldo at times worked more than 40 hours per week.

44. For example, when Plaintiff Castaldo worked 6 dinner shifts, which each lasted over 7 hours, she worked more than 40 hours per week.

45. Because Defendants wrongly applied to Plaintiff Castaldo's overtime rate a tip credit to which they were not entitled, her overtime rate was incorrect.

46. Defendants did not give Plaintiffs proper written wage notices required by N.Y. Lab. Law § 195 and/or N.Y. Comp. Codes R. & Regs. tit. 12, § 146-2.2.

47. Plaintiffs were not given accurate wage statements with their pay as required under New York Law. For example, the wage statements Defendants issued did not state that Plaintiffs were being paid pursuant to a tip credit.

8

48.  Defendants committed the foregoing acts against Plaintiffs, the FLSA Collective Plaintiffs, and the Class.

### FIRST CLAIM FOR RELIEF
**(FLSA Minimum Wage Violations, 29 U.S.C. §§ 201, *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

49.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

50.  At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiffs.

51.  In 2015, Defendants knowingly failed to pay Plaintiffs and the FLSA Collective Plaintiffs the full federal minimum wage for each hour worked.

52.  Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

53.  Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

54. Throughout the statute of limitations period covered by these claims, Plaintiffs and the FLSA Collective Plaintiffs sometimes worked in excess of forty (40) hours per workweek.

55. Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiffs and the FLSA Collective Plaintiffs at one and one half times the greater of the full federal minimum wage or their regular rate for all work in excess of forty (40) hours per workweek and willfully failing to keep records required by the FLSA and relevant regulations even though the Plaintiffs had been entitled to overtime.

56. Plaintiffs, on behalf of themselves the FLSA Collective Plaintiffs, seek damages in the amount of their unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Violations, N.Y. Lab. L. §§ 650 *et seq.*)**
**(Brought by Plaintiffs on Behalf of Themselves and the Class)**

57. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

58. Defendants knowingly and willfully failed to pay Plaintiffs and the Class members the full New York State minimum wage for all hours worked.

59. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees as provided by N.Y. Lab. Law § 663.

## FOURTH CLAIM FOR RELIEF
(New York State Overtime Violations, N.Y. Lab. L. §§ 650 *et seq.*
N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4)
(Brought by Plaintiffs on Behalf of Themselves and the Class)

60. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

61. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of 40 hours in any workweek.

62. Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the Class members at the required overtime rate of one-and-one-half times the full New York minimum wage for all hours worked in excess of forty (40) hours per workweek.

63. As a result of Defendants' willful and unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, and costs and attorneys' fees as provided by N.Y. Lab. Law § 663.

## FIFTH CLAIM FOR RELIEF
New York Notice Requirements, N.Y. Lab. L. §§ 195, 198
(Brought by Plaintiffs on Behalf of Themselves and the Class)

64. Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

65. Defendants did not provide Plaintiffs and the members of the Class with the notices/wage statements required by N.Y. Lab. Law § 195.

66. As a result of Defendants' unlawful conduct, Plaintiffs and members of the Class are entitled to an award of damages pursuant to N.Y. Lab. Law § 198, in amount to be

determined at trial, pre- and post-judgment interest, and costs and attorneys' fees, as provided by N.Y. Lab. Law § 198.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs and members of the Class, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to F.R.C.P. 23;

D. Designation of Plaintiffs as Representatives of the Class;

E. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

F. Penalties available under applicable laws;

G. Costs of action incurred herein, including expert fees;

H. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

I. Pre-judgment and post-judgment interest, as provided by law; and

J. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
October 19, 2018

Respectfully submitted,

JOSEPH & KIRSCHENBAUM LLP

By: ___s/*D. Maimon Kirschenbaum*___
D. Maimon Kirschenbaum
Denise Schulman
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Named Plaintiff, proposed FLSA Collective Plaintiffs, and proposed Class*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

# EXHIBIT A

# CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by **Anthony Scotto Restaurants** and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Kristal Pollier

Full Legal Name (Print)

*DocuSigned by:*
*K. Pollis*
6B32F3BC0CEE4FB...

Signature

5/4/2018 12:53:10 PM PDT

Date

## CONSENT TO SUE UNDER
## FEDERAL FAIR LABOR STANDARDS ACT

      I am an employee currently or formerly employed by Anthony Scotto Restaurants and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by the named plaintiffs in this case.

Joanna Cataldo

_____
Full Legal Name (Print)

*[DocuSigned signature: 9009859D28874FE...]*

_____
Signature

8/2/2018 1:31:17 PM PDT

_____
Date